UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA, ex rel.
Syed Rahman, M.D.,
                    *Plaintiff-Appellee,*

           and

SYED RAHMAN, M.D.; ONCOLOGY
ASSOCIATES, P.C.,
                          *Plaintiffs,*

              v.

DOUGLAS COLKITT, M.D.; DERDEL
RIVERSIDE ONCOLOGY ASSOCIATES,
P.C.; DERDEL CHESAPEAKE ONCOLOGY
ASSOCIATES, P.C.; KEY WEST
ONCOLOGY ASSOCIATES, P.A.; TAMPA
ONCOLOGY ASSOCIATES, P.A.;
COMMUNITY RADIATION THERAPY
ASSOCIATES, P.C.; JEFFERSON
RADIATION ONCOLOGY CENTER, LP;
ONCOLOGY SERVICES CORPORATION;
NIXON EQUIPMENT CORPORATION;
THOMAS JEFFERSON REAL ESTATE
CORPORATION; GEORGE WASHINGTON
REAL ESTATE CORPORATION; OAKTREE
CANCER CARE, INCORPORATED;
KEYSTONE ONCOLOGY, LLC;
ROSEWOOD CANCER CARE,
INCORPORATED,
                    *Defendants-Appellees,*

No. 01-2386

DVI FINANCIAL SERVICES,
INCORPORATED,
          *Party in Interest-Appellant,*

MERRILL COHEN, Chapter 7 Interim
Trustee of EquiMed, Incorporated,
          *Intervenor-Defendant-*
                    *Appellee,*

                    and

JERRY DERDEL, M.D.; JOANNE
RUSSELL; ONCOLOGY FUNDING
CORPORATION; STONEBORO ONCOLOGY
ASSOCIATES, P.C.; WARREN
ONCOLOGY ASSOCIATES, P.C.;
PHOENIXVILLE ONCOLOGY ASSOCIATES,
P.C.; LITTLESTOWN ONCOLOGY
ASSOCIATES, P.C.; LEHIGHTON
ONCOLOGY ASSOCIATES, P.C.; EXTON
ONCOLOGY ASSOCIATES, P.C.; BUCKS
COUNTY ONCOLOGY ASSOCIATES, P.C.;
GREENBELT CANCER TREATMENT
CENTER, L.P.; ATLANTIC RADIATION
ONCOLOGY, L.L.C.; DERDEL
RANDALLSTOWN ONCOLOGY
ASSOCIATES, P.C.; DERDEL UNION
MEMORIAL ONCOLOGY ASSOCIATES,
P.C.; TREASURE COAST ONCOLOGY
ASSOCIATES, P.A.; LAUDERDALE
LAKES ONCOLOGY; ST. LAWRENCE
ONCOLOGY, P.C.; LIBERTY ONCOLOGY
ASSOCIATES, P.C.; KINGS PLAZA
RADIOLOGY, P.C.; SOUTHERN NEW
JERSEY CANCER TREATMENT;

WILLIAMS COUNTY ONCOLOGY ASSOCIATES, P.C.; PARK ONCOLOGY ASSOCIATES, P.C.; PARKS ONCOLOGY ASSOCIATES, INCORPORATED; GREATER HARRISBURG CANCER CENTER, INCORPORATED; MGH CANCER TREATMENT CENTER, L.P.; ONCOLOGY SERVICES CORPORATION OF LAWNWOOD; KEYS CANCER CENTER LIMITED PARTNERSHIP; XCC, INCORPORATED; GPCC, INCORPORATED; IRCC, INCORPORATED; KRTC, INCORPORATED; LVCC, INCORPORATED; MGHCC, INCORPORATED; MHCC, INCORPORATED; MARYLAND GENERAL CANCER CENTER, INCORPORATED; ST. LUCIE COUNTY RADIATION ONCOLOGY, LIMITED; ONCOLOGY ASSOCIATES, PC OF INDIANA; ONCOLOGY ASSOCIATES, PC OF ALBEMARLE; ONCOLOGY ASSOCIATES, PC OF LIFE CARE; ONCOLOGY ASSOCIATES, PC OF HERITAGE HILLS; DERDEL MARYLAND GENERAL ONCOLOGY ASSOCIATES, PC; KANKAKEE ONCOLOGY ASSOCIATES, PC; ONCOLOGY ASSOCIATES, PC OF PITTSBURGH; ONCOLOGY ASSOCIATES, PC OF HARRISBURG; PLEASANT HILLS ONCOLOGY ASSOCIATES, PC; ONCOLOGY ASSOCIATES, PC OF LEBANON; FLAGSTAFF ONCOLOGY ASSOCIATES, PC; FORT PIERCE ONCOLOGY ASSOCIATES, PC;

GREENWAY ONCOLOGY ASSOCIATES, PC; GREATER PITTSBURGH ONCOLOGY ASSOCIATES, PC; NORTHWEST RADIATION TREATMENT SERVICES, INCORPORATED; MARLTON ONCOLOGY, PC; RANDALLSTOWN ONCOLOGY CENTER, INCORPORATED; WESTCHESTER ONCOLOGY, PC; CHESAPEAKE REGIONAL CANCER CENTER, INCORPORATED; UNION MEMORIAL ONCOLOGY CENTER, INCORPORATED; CANCER CENTER OF NORTHERN ARIZONA PARTNERSHIP; TRI STATE ONCOLOGY ASSOCIATES, INCORPORATED; SALISBURY RADIATION ONCOLOGY CENTER, INCORPORATED; HERITAGE HILLS MEDICAL, LP; RIVERSIDE ONCOLOGY; MEDTREND HEALTH SYSTEMS, INCORPORATED; BROWARD RADIATION THERAPY CORPORATION; LAKE OKEECHOBEE CANCER CENTER, INCORPORATED; LAWNWOOD REGIONAL CANCER CENTER, LP; ST. LAWRENCE ONCOLOGY PC OF OGDENSBURG; PMCB, INCORPORATED; ST. LAWRENCE ONCOLOGY, PC OF BROOKLYN; ONCOLOGY SERVICES CORPORATION OF KEY WEST, INCORPORATED; ONEONTA RADIATION ONCOLOGY, PC; ONCOLOGY SERVICES CORPORATION OF TAMPA, INCORPORATED; GREENBELT CANCER TREATMENT CENTER, L.P.; BILLING

SERVICES, INCORPORATED; NATIONAL MEDICAL FINANCIAL SERVICES CORPORATION; COLKITT ONCOLOGY GROUP, INCORPORATED; SKYLINE ONCOLOGY ASSOCIATES, P.C.; MALONE ONCOLOGY ASSOCIATES, P.C.; JMR MEDICAL ASSOCIATES, P.C.; CAROLINA CANCER CARE, LLC; SOUTHERN ONCOLOGY, P.A.; EASTERN PENNSYLVANIA ONCOLOGY, LLC; MASSACHUSETTS RADIATION ONCOLOGY SERVICES, P.C.; CHESTER COUNTY ONCOLOGY, LLC; FLORIDA ONCOLOGY, P.A.; COASTAL ONCOLOGY, LLC; ALBEMARLE REGIONAL CANCER CENTER, LP; KINGS PLAZA INCORPORATED,

*Defendants,*

v.

HIGHMARK, INCORPORATED, d/b/a Xact Medicare Services; NORIDIAN MUTUAL INSURANCE COMPANY, d/b/a Blue Cross/Blue Shield of North Dakota; AETNA INCORPORATED; BLUE CROSS/BLUE SHIELD OF FLORIDA, INC.; HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company; TRAILBLAZER HEALTH ENTERPRISES, INCORPORATED; BLUE CROSS & BLUE SHIELD OF MARYLAND, INCORPORATED; EMPIRE BLUE CROSS AND BLUE SHIELD;

GROUP HEALTH INCORPORATED; BLUE
CROSS/BLUE SHIELD OF WESTERN
NEW YORK, INCORPORATED; CIGNA
CORPORATION; CONNECTICUT GENERAL
LIFE INSURANCE COMPANY;
NATIONWIDE MUTUAL INSURANCE
COMPANY,

*Third Party Defendants,*

STEADFAST INSURANCE COMPANY;
RELIANCE INSURANCE COMPANY;
HERBARD, LIMITED; JOHNSON &
JOHNSON FINANCE CORPORATION;
MOBILE DIAGNOSTECH, INCORPORATED;
A. JEROME DIGIACOBBE, JR.; CALVIN
ZONTINE; TREATMENT CENTERS
LIMITED PARTNERSHIP; PFG CAPITAL
CORPORATION; REGIONAL MEDICAL
SERVICES, INCORPORATED,

*Parties in Interest,*

SOVEREIGN BANK,

*Movant.*

In Re: EQUIMED, INCORPORATED,
a/k/a EquiVision, Incorporated,
*Debtor.*

MERRILL COHEN, Interim Trustee for
the Bankruptcy Estate of EquiMed,
Incorporated,
*Plaintiff-Appellee,*

and

MOBILE DIAGNOSTECH, INCORPORATED;
A. JEROME DIGIACOBBE, JR.; CALVIN
ZONTINE,
*Plaintiffs,*

v.

DOUGLAS COLKITT, M.D.; GEORGE
KEISTER; PAUL CASTRO; EDWARD
RUSSELL, JR.; DONALD GALLO; JUDE
SPAK; JEFFERSON RADIATION
ONCOLOGY CENTER, LP; OAKTREE
CANCER CARE, INCORPORATED;
KEYSTONE ONCOLOGY, LLC;
ROSEWOOD CANCER CARE,
INCORPORATED; MARCY L. COLKITT;
ONCOLOGY SERVICES CORPORATION;
DERDEL RIVERSIDE ONCOLOGY
ASSOCIATES, P.C.; DERDEL
CHESAPEAKE ONCOLOGY ASSOCIATES,
P.C.; KEY WEST ONCOLOGY
ASSOCIATES, P.A.; TAMPA ONCOLOGY
ASSOCIATES, P.A.; COMMUNITY
RADIATION THERAPY ASSOCIATES,
P.C.,

No. 01-2387

formerly known as Community
Radiology Associates, P.C.;
SALISBURY ONCOLOGY ASSOCIATES,
P.C.; ALBEMARLE ONCOLOGY
ASSOCIATES, P.C.; OAKLANE
CANCER AND HEMATOLOGY CLINIC,
P.C.,

*Defendants-Appellees,*

and

JOANNE RUSSELL; LAWNWOOD
REGIONAL CANCER CENTER, LP; ST.
LUCIE COUNTY RADIATION ONCOLOGY,
LIMITED; ONCOLOGY ASSOCIATES, PC
OF HARRISBURG; ONCOLOGY
ASSOCIATES, PC OF INDIANA;
ONCOLOGY ASSOCIATES, PC OF
LEBANON; PLEASANT HILLS ONCOLOGY
ASSOCIATES, PC; GREATER
PITTSBURGH ONCOLOGY ASSOCIATES,
PC; STONEBORO ONCOLOGY
ASSOCIATES, P.C.; PHOENIXVILLE
ONCOLOGY ASSOCIATES, P.C.;
LITTLESTOWN ONCOLOGY ASSOCIATES,
P.C.; LEHIGHTON ONCOLOGY
ASSOCIATES, P.C.; EXTON ONCOLOGY
ASSOCIATES, P.C.; BUCKS COUNTY
ONCOLOGY ASSOCIATES, P.C.; DERDEL
MGH ONCOLOGY ASSOCIATES, PC;
GREENWAY ONCOLOGY ASSOCIATES,
PC, a/k/a Greenway Oncology
Associates, P.A.; DERDEL
RANDALLSTOWN ONCOLOGY
ASSOCIATES, P.C.; DERDEL UNION
MEMORIAL ONCOLOGY ASSOCIATES,

P.C.; FORT PIERCE ONCOLOGY
ASSOCIATES, PC, a/k/a Fort Pierce
Oncology Associates, P.A.;
OKEECHOBEE ONCOLOGY ASSOCIATES,
P.A.; TREASURE COAST ONCOLOGY
ASSOCIATES, P.A.; LIBERTY
ONCOLOGY ASSOCIATES, P.C.,
formerly known as St. Lawrence
Oncology, P.C.; ONEONTA RADIATION
ONCOLOGY, PC; SKYLINE ONCOLOGY
ASSOCIATES, P.C.; MALONE
ONCOLOGY ASSOCIATES, P.C.;
MARLTON ONCOLOGY, PC; SOUTHERN
NEW JERSEY CANCER TREATMENT;
WILLIAMS COUNTY ONCOLOGY
ASSOCIATES, P.C.; TRI-STATE
ONCOLOGY ASSOCIATES,
INCORPORATED; FLAGSTAFF ONCOLOGY
ASSOCIATES, PC; KANKAKEE
ONCOLOGY ASSOCIATES, PC; HOLYOKE
ONCOLOGY ASSOCIATES, P.C.; JMR
MEDICAL ASSOCIATES, P.C.; CAROLINA
CANCER CARE, LLC; SOUTHERN
ONCOLOGY, P.A.; EASTERN
PENNSYLVANIA ONCOLOGY, LLC;
MASSACHUSETTS RADIATION
ONCOLOGY SERVICES, P.C.; CHESTER
COUNTY ONCOLOGY, LLC; FLORIDA
ONCOLOGY, P.A.; COASTAL
ONCOLOGY, LLC; COMPREHENSIVE
PHYSICS AND REGULATORY SERVICES,
LIMITED; JOHN DOES 1-25,

*Defendants,*

v.

NIXON EQUIPMENT CORPORATION,
          *Movant-Appellee,*

DVI FINANCIAL SERVICES,
INCORPORATED,
                *Movant-Appellant,*

THE PROVIDENT BANK,
          *Party in Interest-Appellee,*

          and

UNITED STATES OF AMERICA;
RESPONSE ONCOLOGY, INCORPORATED;
STEADFAST INSURANCE COMPANY;
RELIANCE INSURANCE COMPANY (In
Rehabilitation); TREATMENT CENTERS
LIMITED PARTNERSHIP; PFG CAPITAL
CORPORATION; INDIANA HOSPITAL;
INDIANA HEALTHCARE, INCORPORATED;
INDIANA HEALTHCARE PROPERTIES,
INCORPORATED; HERBARD, LIMITED;
JOHNSON & JOHNSON FINANCE
CORPORATION; REGIONAL MEDICAL
SERVICES, INCORPORATED,
                *Parties in Interest,*

SOVEREIGN BANK,
                *Movant.*

In Re: NIXON EQUIPMENT
CORPORATION; GEORGE WASHINGTON
REAL ESTATE CORPORATION; THOMAS
JEFFERSON REAL ESTATE
CORPORATION,

*Debtors.*

---

DVI FINANCIAL SERVICES,
INCORPORATED,

*Claimant-Appellant,*

v.

MERRILL COHEN,

*Trustee-Appellee,*

and

EQUIMED, INCORPORATED,

*Creditor,*

v.

STEADFAST INSURANCE COMPANY;
RELIANCE INSURANCE COMPANY;
INDIANA HOSPITAL; INDIANA
HEALTHCARE, INCORPORATED; INDIANA
HEALTHCARE PROPERTIES,
INCORPORATED; TREATMENT CENTERS
LIMITED PARTNERSHIP; PFG CAPITAL
CORPORATION; UNITED STATES OF
AMERICA,

*Parties in Interest.*

No. 01-2388

In Re: EQUIMED, INCORPORATED,
                                    *Debtor.*

DOUGLAS COLKITT, M.D.,
                    *Plaintiff-Appellee,*

DVI FINANCIAL SERVICES,
INCORPORATED,
                    *Claimant-Appellant,*

                    and

BILLING SERVICES, INCORPORATED, a
Delaware corporation; JOANNE
RUSSELL; JEROME DERDEL, M.D.,                No. 01-2389
                    *Plaintiffs,*

                    v.

STEADFAST INSURANCE COMPANY, a
Delaware corporation; RELIANCE
INSURANCE COMPANY OF ILLINOIS, an
Illinois corporation,
                    *Defendants,*

                    and

MERRILL COHEN, Chapter 7 Trustee
of EquiMed, Incorporated,
                    *Trustee-Appellee.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-95-2241-H, CA-00-1216-H, BK-00-11147, AP-00-1180-8,
CA-01-2676-H, BK-00-20825-PM, BK-00-20826-PM,
BK-00-20827-PM, CA-01-3014-H, AP-00-1430)

Argued: January 21, 2003

Decided: April 2, 2003

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Andrew C. Kassner, DRINKER BIDDLE & REATH, L.L.P., Philadelphia, Pennsylvania, for Appellant. Philip H. Lebowitz, PEPPER HAMILTON, L.L.P., Philadelphia, Pennsylvania, for Appellees. **ON BRIEF:** Leslie Gillin Bohner, Kirke D. Weaver, DRINKER BIDDLE & REATH, L.L.P., Philadelphia, Pennsylvania, for Appellant. Matthew R. Goldman, Wendy J. Gibson, BAKER & HOSTETLER, L.L.P., Cleveland, Ohio; Richard A. Robinson, BAKER & HOSTETLER, L.L.P., Orlando, Florida; Michael E. Tucci, MORRISON & HECKER, L.L.P., Washington, D.C.; Robert D. McCallum, Jr., Assistant Attorney General, Michael F. Hertz, Polly A. Dammann, J. Christopher Cohn, Daniel A. Spiro, Frances M. Toole, Commercial Litigation Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Thomas M. DiBiagio, United States Attorney, Tamera L. Fine, Assistant United States Attorney, Baltimore, Maryland; Robert Sanker, KEAT-ING, MUETHING & KLEKAMP, P.L.L., Cincinnati, Ohio, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In this appeal, DVI Financial Services, Inc. challenges the district court's approval of a complex "global" settlement of several related cases, essentially contending that the global settlement agreement failed to recognize DVI's security interests in assets that were disposed of by the agreement.

The cases covered by the global settlement agreement arose from claims that Dr. Douglas Colkitt, Dr. Jerome Derdel, Colkitt's wife, and more than 80 healthcare entities (cancer centers and affiliated corporations) owned, operated, or controlled by Colkitt engaged in a fraudulent billing scheme, causing losses to the federal Medicare and CHAMPUS programs in excess of $12 million. Drs. Colkitt and Derdel were physicians specializing in radiation oncology.

In one action involved in the settlement, the United States prosecuted claims against Colkitt, his partners, and his businesses, demanding $86 million in treble damages and penalties.

The principal business through which Colkitt operated, EquiMed, Inc., was involuntarily placed into bankruptcy by its creditors, and a trustee was appointed. The trustee commenced an adversary action against many of the defendants named by the United States in its action, seeking to recover for the EquiMed estate losses that were allegedly caused by fraud, breach of contract, and other similar conduct.

Following EquiMed's bankruptcy, three subsidiaries of EquiMed filed voluntary Chapter 11 proceedings, and those proceedings were consolidated with the EquiMed bankruptcy.

Contemporaneous with these proceedings, EquiMed and various other related plaintiffs commenced actions against two insurance companies, Steadfast Insurance Company and Reliance Insurance Company, in State court in Pennsylvania, seeking coverage for some of the losses sustained by EquiMed and other companies. Those cases

were removed to federal court and transferred to the District of Maryland for consideration in the bankruptcy of EquiMed.

The parties to these various adversary actions negotiated a complex settlement agreement that involved the creation of an estate in the custody of the bankruptcy trustee, the sale of various properties of EquiMed's subsidiaries, the modification of related settlement agreements entered into by some of the parties, and various releases.

DVI, a creditor of EquiMed and some of its subsidiaries, objected to the global settlement agreement, arguing that its security interest in various of EquiMed's assets were not recognized by the agreement. DVI had provided equipment financing to EquiMed and its subsidiaries, and it secured its loans with a security agreement covering the equipment and other assets of EquiMed including its accounts receivable and contract rights. DVI asserted that its security agreement covered EquiMed's interests in management services agreements under which EquiMed operated the cancer centers in exchange for net profits from those cancer centers. DVI also asserted that it had a security interest in offset rights in promissory notes given by subsidiaries Keystone Oncology, LLC, Oaktree Cancer Care, Inc., and Rosewood Cancer Care, Inc., all of which were surrendered as part of the settlement agreement.

The district court rejected DVI's assertion of security interests in both the management services agreements and the offset rights in the surrendered notes. With respect to the management services agreements, the court stated that the agreements could not be characterized as "accounts receivable" or "contract rights," which were covered by the security agreement. The court pointed to the fact that the Pennsylvania Uniform Commercial Code, which governed the security agreement, distinguishes "account" from "general intangible," defining "account" (and "contract right") as "[a]ny right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper, whether or not it has been earned by performance," and defining "general intangible" as "[a]ny personal property . . . other than goods, accounts, chattel paper, documents, instruments, investment property and money." 13 Pa. Cons. Stat. § 9106; *see also* U.C.C. § 9-106 Official Comment (stating that the term "contract right" is included in the definition of "account"). The

court determined that the relationship between EquiMed and the various cancer centers to which it supplied management services was a continuing undertaking rather than a simple contract between the parties for the sale of services. On that basis, the court characterized the agreements as general intangibles, and because Provident Bank, not DVI, had the lien on EquiMed's general intangibles, the court rejected DVI's claim to any value in the management service agreements and any proceeds they contributed to the settlement.

The district court also stated that even if DVI did hold an interest in the management services agreements, that interest was likely extinguished prior to bankruptcy based on "convincing" evidence that the agreements were terminated pre-petition. The court also recognized that any valid interest of DVI in the agreements could not then attach because, given the extensive network of relationships between the various corporations owned and operated by Colkitt, settlement of the adversary proceeding "cannot be characterized as being the recovery of accounts receivable or contract rights" but rather "the bundle of various intangible rights" related to the entire operating business of the cancer centers. The court noted, as an example, that EquiMed's right to control the cancer centers derived not only from the management services agreements but also from its option to purchase each center for one dollar.

With respect to DVI's claimed interest in the proceeds contributed to the settlement through the surrender by Keystone, Rosewood, and Oaktree of their offset rights in the promissory notes, the district court held that DVI had no lien on the proceeds because DVI had no security interest in the rights themselves. The court also found that the rights were surrendered in exchange for a release from Provident Bank, the holder of the notes, rather than any release from the trustee as to liability for fraudulent conveyance of assets subject to interests claimed by DVI.

DVI appealed the district court's order approving the global settlement agreement, asserting the same arguments that it did before the district court.

We have carefully reviewed the record and considered the arguments of counsel made in their briefs and at oral argument. For the

reasons set forth in the district court's opinion, *see United States ex rel. Rahman v. Oncology Associates, P.C.*, CA-95-2241-H, CA-00-1216-H, BK-00-11147, AP-00-1180-8, CA-01-2676-H, BK-00-20825-PM, BK-00-20826-PM, BK-00-20827-PM, CA-01-3014-H, AP-00-1430 (D. Md. Nov. 1, 2001), we affirm the judgment of the district court.

*AFFIRMED*